UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIKIFOROS KALFOUNTZOS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RAILROAD RETIREMENT BOARD, ) <br> ) <br> Respondent. ) | Civil Action No. 1:25-cv-02647 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner's *pro se* Petition for a Writ of Mandamus ("Pet."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner's IFP Application is granted, and for the reasons discussed below, this matter is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Petitioner, a resident of Greece, challenges a final decision by the Railroad Retirement Board ("RRRB") denying his application for benefits. *See* Pet. at 1–16; *see also* Pet. Exhibits, ECF No. 1-2, at Exhibit A (RRRB Decision), Exhibit B (Pl.'s Application for Reconsideration); Exhibit C (RRRB Denial of Reconsideration). He demands a writ of mandamus compelling the RRRB to reverse this decision, approve his application, and award, *inter alia*, the benefits sought. *See* Pet. at 15–16.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Mandamus is considered

"drastic," and is available only in extraordinary situations. *See Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Petitioner does not address any of these elements, let alone meet them. And, notably, Petitioner has an adequate, nay, mandatory remedy in the Railroad Unemployment Insurance Act ("RUIA"), 45 U.S.C. §§ 351 *et seq.*, and the Railroad Retirement Act ("RRA"), 45 U.S.C. §§ 231, *et seq.*, by which he may obtain review of any final decision of the RRRB "in the United States court of appeals for the circuit in which the claimant . . . resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia, 45 U.S.C. § 355; *id.* § 231g (incorporating all RUIA provisions by reference into the RRA); *see Johnson v. U.S. R.R. Retirement Bd.*, 969 F.2d 1082, 1085 (D.C. Cir. 1992) (same), *cert. denied*, 507 U.S. 1029 (1993). Indeed, federal courts of appeals bear *exclusive* jurisdiction to review final RRRB benefits decisions, precluding federal district courts from review. *See Johnson*, 969 F.2d at 1083 ("we uphold the district court's conclusion that the Railroad Act vests exclusive jurisdiction [over benefits challenges] in the courts of appeals."); *Leal v. Szoeke*, 917 F.2d 206, 207 (5th Cir. 1990) (affirming the district court's dismissal of RRRB benefits challenge for want of subject matter jurisdiction because Congress explicitly vested review jurisdiction with the federal courts of appeals) (citing *Denberg v. U.S. R.R. Retirement Bd.*, 696 F.2d 1193, 1198 (7th Cir.1983) (interpreting § 355(f), and holding that a claimant "must go to the Board first and if he is turned down appeal the decision within the Board or if that would be futile to the court of appeals. At no time is he supposed to be in the district court."), *cert. denied*, 466 U.S. 926 (1984)).

Accordingly, this district court is an improper forum for Plaintiff's claims. This matter is thus dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 14, 2025

TREVOR N. McFADDEN
United States District Judge